IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CLARA J. DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV342 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **KONE, INC., d/b/a KONE OMAHA, d/b/a** | ) | |
| **KONE CORPORATION, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court after a telephone conference with counsel for the parties on March 24, 2007. Jason G. Ausman appeared on behalf of the plaintiff and Stephen S. Muhich appeared on behalf of the named defendant. The parties seek to consolidate this case with ***Janice Ndunguru v. Kone, Inc., et al.***, (Case No. 8:07CV286) for the purposes of discovery. Counsel are the same for the parties in both cases.

The parties state the cases are related and may be consolidated for discovery. Both cases arise from injuries sustained at the premises known as the Ariel Rios Building, located at 1200 Pennsylvania Ave., NW, Washington, DC. Janice Ndunguru alleges she sustained injuries on June 24, 2003, as a result of an elevator malfunction. Similarly, Clara J. Davis alleges she sustained injuries on August 6, 2003, as a result of an elevator malfunction. The elevators in questions were allegedly installed, operated, maintained and repaired by Kone, Inc.

Fed. R. Civ. P. 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1)   join for hearing or trial any or all matters at issue in the actions;
> (2)   consolidate the actions; or
> (3)   issue any other orders to avoid unnecessary cost or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration.

The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual.  The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure** § 2383 (2d ed. 1994).  Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court.  **United States Envtl. Prot. Agency v. Green Forest**, 921 F.2d 1394, 1402-03 (8th Cir. 1990).  The court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause.  Wright & Miller, **supra**, § 2383.  "[D]istrict courts generally take a favorable view of consolidation . . . ." **Id.**  Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." **Id.** § 2384.  However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party."  **EEOC v. HBE Corp.**, 135 F.3d 543, 551 (8th Cir. 1998).

The court finds Case No. 8:07CV286 presents common issues of law and fact with Case No. 8:07CV342.  Furthermore, consolidation of these matters will promote judicial economy.  The plaintiffs alleges similar causes of injury.  The same defendants and counsel are involved in both actions.  Thus, the court believes consolidation will not lead to inconvenience, inefficiency, or unfair prejudice.  Therefore, pursuant to Fed. R. Civ. P. 42(a), **Janice Ndunguru v. Kone, Inc., et al.**, (Case No. 8:07CV286) and **Clara J. Davis v. Kone, Inc., et al.**, (Case No. 8:07CV342) will be consolidated for discovery.  Upon consideration,

**IT IS ORDERED:**

1. Case No. 8:07CV286 and Case No. 8:07CV342 are hereby consolidated for discovery purposes.

2. The Clerk of the Court is directed to present the file in **Clara J. Davis v. Kone, Inc., et al.**, (Case No. 8:07CV342) to Chief Judge Joseph F. Bataillon for reassignment to the district judge and magistrate judge who are assigned to the earlier case of **Janice Ndunguru v. Kone, Inc., et al.**, (Case No. 8:07CV286) in accordance with the procedures of the court.

     3.     Senior Judge Lyle E. Strom will schedule a planning conference with counsel for the parties and schedule these matters to trial.

DATED this 24th day of March, 2008.

                            BY THE COURT:

                            s/Thomas D. Thalken
                            United States Magistrate Judge