IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLARA J. DAVIS, ) | CASE NO. 8:07-CV-342 |
| ) | |
| Plaintiff, ) | The Honorable Lyle E. Strom |
| ) | |
| vs. ) | |
| ) | |
| KONE, INC., (d/b/a KONE OMAHA and KONE ) | |
| CORPORATION), and JOHN DOE, CORP. ) | |
| ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| Jason G. Ausman (#22261) | Stephen S. Muhich (P35289) |
| Ausman Law Firm PC LLO | Dykema Gossett PLLC |
| 7602 Pacific St., Ste. 200 | 300 Ottawa Avenue N.W., Ste. 700 |
| Omaha, NE  68114 | Grand Rapids, MI  49503 |
| (402) 391-2400 (telephone) | (616) 776-7500 (telephone) |
| jason@ausmanlawfirm.com | smuhich@dykema.com |
| Attorney for Plaintiff | Attorneys for Defendant |

## **CLARA J. DAVIS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Clara J. Davis, by and through her attorney, Jason G. Ausman, hereby prays for an Order overruling Defendant's Motion to Dismiss.

### **FACTS**

Ms. Davis does not take issue with the facts as provided in the "Background" of Defendant's brief, except the following:

1. Ms. Davis agrees that Washington, D.C. law applies to the substantive rights of the parties herein; however, she contends that Nebraska's four (4) year statute of limitations, as a procedural right, governs for the reasons set forth below.

1

**ARGUMENT**

**I.     Because The Statute of Limitations is a Procedural Matter, Nebraska's Statute of Limitations Governs.**

Ms. Davis was a Maryland resident at the time of subject accident. The subject accident occurred in Washington, D.C. (Comp. ¶ 4.) While Kone may be an Illinois corporation with its principal place of business in the State of Illinois, it conducted regular and substantial business in Douglas County, Nebraska. (Comp. ¶ 2.)

"A federal district court sitting in Nebraska must follow Nebraska's conflict of laws rules." *In re Derailment Cases*, 416 F.3d 787, 794-95 (8th Cir. 2005). Regarding "conflict of laws rules," the Nebraska Supreme Court clearly states "[a]lthough substantive rights of parties to an action are governed by the state where the cause of action arose, procedural matters are dictated by the law of the forum." *Whitten v. Whitten*, 250 Neb. 210, 212, 548 N.W.2d 338, 340 (1996) (citing *Calvert v. Roberts Dairy Co.*, 242 Neb. 664, 496 N.W.2d 491 (1993)). According to the *Whitten* Court, the statute of limitations is a procedural matter, and therefore, the forum state's statute of limitations governs. *Id*. at 212.

Ms. Davis' accident and resultant personal injuries arose out of an accident occurring on August 6, 2003. (Compl. ¶ 4.) Nebraska provides a four (4) year statute of limitations for damages resulting from personal injury. *Neb. Rev. Stat.* § 25-207. Ms. Davis filed her Complaint on June 26, 2007, well within Nebraska's statute of limitations. (Compl. ¶¶ 5-10.) Applying the Nebraska Supreme Court's analysis in *Whitten*, *supra*, to the facts of the case at bar can only lead to one conclusion: Washington, D.C. law governs the substantive rights of the parties herein, whereas the laws of the forum state,

Nebraska, will govern the statute of limitations. Therefore, Defendant's Motion must be overruled.

II.     **The Restatement (Second) of Conflict of Laws § 142 Does Not Apply in Determining Conflict of Laws Issues Regarding The Statute of Limitations.**

In *Fed. Deposit Ins. Corp. v. Nordbrock*, 102 F.3d 335, 338 (8th Cir. 1996), the Eighth Circuit held that Nebraska utilizes the Restatement (Second) of Conflict of Laws § 142 in determining Nebraska's choice of law rules regarding the statute of limitations. Like the defendant in *Nordbrock*, Ms. Davis contends § 142 does not apply for the reasons set forth in *Whitten*, *supra*. As set forth above, *Whitten* unequivocally states that because statutes of limitation are procedural, the law of the forum state will apply its own statute of limitations. *Id*. at 338. Despite acknowledging that the Nebraska Supreme Court has not directly addressed the question of whether § 142 should be utilized in determining the appropriate statute of limitations, and despite the perfectly clear direction provided by *Whitten*, the *Nordbrock* Court nevertheless determined that it should follow § 142. *Id*. *Nordbrock* relies upon several cases for its position that, as a general matter, the Nebraska Supreme Court utilizes the Restatement (Second) for issues relating to choice of law. (citations omitted). *Id*. Importantly, however, none of these cases involved an issue regarding the statute of limitations.

While *Nordbrock* attempts to distinguish its facts from *Whitten*, Ms. Davis respectfully disagrees with the rationale provided. *Nordbrock* reasons the *Whitten* Court did nothing more than apply the general rule of § 142 that the forum state applies its own statute of limitations. *Id*. at 339. However, Ms. Davis contends that if Nebraska had actually adopted § 142 in its choice of laws rules regarding statute of limitations issues, the *Whitten* Court certainly would have, at the very minimum, mentioned it in its opinion.

3

To the contrary, *Whitten* speaks nothing of § 142. In fact, *Nordbrock* is the first case to adopt § 142 in choice of laws rules regarding the statute of limitations.

### III. Even if The Restatement (Second) of Conflict of Laws § 142 Applies, The Nebraska Statute of Limitations Still Governs Based Upon *Neb. Rev. Stat.* § 25-215.

The Restatement (Second) of Conflict of Laws § 142 states in pertinent part:

(1) The forum will apply its own statute of limitations barring the claim.

(2) The forum will apply its own statute of limitations permitting the claim unless:

(a)     maintenance of the claim would serve no substantial interest of the forum; and

(b)     the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Restatement (Second) of Conflict of Laws § 142 (1989).

Once it is determined §142 applies, application of the following seven factors outlined in Restatement (Second) of Conflict of Laws § is required**:**

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability, and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

In applying the guidelines of § 142 to the present case, Ms. Davis acknowledges Washington, D.C. appears to have the more significant relationship to the parties and occurrence. Despite this acknowledgment, Nebraska's borrowing statute still commands the use of Nebraska's statute of limitation. *Neb. Rev. Stat.* § 25-215 provides:

> All actions and causes of action which are barred by laws of any other state, territory or country shall be deemed barred in this state; but no action shall be barred by the laws of any other state, territory or country unless the same would have been barred by the provisions of this chapter had the defendant been a resident of this state for the period herein described.

The Nebraska Supreme Court has interpreted § 25-215 to prevent reliance on a foreign state's statute of limitations when said limitations period is shorter than Nebraska's. *Hatchett v. K & B Transp., Inc.*, 263 F.Supp.2d 1315 (W.D. Okla. 2003) (citing *Calvert v. Roberts Dairy Co.*, 242 Neb. 664, 496 N.W.2d 491 (1993)). In applying § 25-215 to the case at bar, because Washington D.C.'s statute of limitations is shorter than Nebraska's (three (3) years vs. four (4); see D.C. Code § 12-301 and *Neb. Rev. Stat*. § 25-207, respectively), Nebraska's four (4) year limitations period governs. Therefore, regardless of whether Nebraska utilizes the Restatement (Second) of Conflict of Laws § 142 in its choice of laws analysis regarding the statute of limitations, the same outcome prevails: Nebraska will apply its own statute of limitations.

It should be mentioned that defendant in *Hatchett* relied upon the decision of *Nordbrock*, *supra*, in arguing for the shorter statute of limitations. *Hatchett v. K & B Transp., Inc.*, 263 F.Supp.2d 1315, 1317 (W.D. Okla. 2003). Despite this contention, the *Hatchett* Court held *Nordbrock* did not apply because in *Nordbrock*, the foreign statute of limitations was longer than the forum state's, whereas in *Hatchett*, the opposite was true.

5

*Id*. As in *Hatchett*, the statute of limitations of the foreign state in the present case (Washington, D.C.) is shorter than that of the forum state (Nebraska). Therefore, the reasoning of *Hatchett*, not *Nordbrock*, controls in the instant case and Nebraska's statute of limitations governs.

It should also be mentioned that *Neb. Rev. Stat*. § 25-215 was repealed in 2006. Notwithstanding said repeal, Nebraska's general savings statute, *Neb. Rev. Stat.* § 49-301 provides that "[w]henever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute." The cause of action in the case at bar accrued on June 24, 2003, which is clearly before the repeal of § 25-215. (Compl. ¶ 4.) Further, the repealing statute makes no mention of retroactive applicability. Therefore, *Neb. Rev. Stat.* § 49-301 allows invocation of *Neb. Rev. Stat.* § 25-215, which, in its application to the facts of the present action, mandates use of Nebraska's statute of limitations.

**IV.    The Doctrine of Forum Non Conveniens Does Not Apply Because This Case Could Be Transferred to Another District Pursuant to 28 U.S.C.A. § 1404(a) And/Or, the Doctrine Does Not Apply Because Another Forum Offering an Adequate Remedy is Not Available.**

**A.    The Doctrine of Forum Non Conveniens Does Not Apply Because This Case Could Be Transferred to Another District Pursuant to U.S.C.A. § 1404(a).**

"A motion for dismissal under the common-law doctrine of forum non conveniens is open to a defendant in a case brought in a federal court if the case cannot be transferred to another federal court under 28 U.S.C.A. § 1404(a) because of the fact that the more convenient forum is a state court or the court of a foreign country." 10 A.L.R. Fed. 352. However, a dismissal under the doctrine is no longer permissible where

§ 1404(a) is applicable, because the remedy afforded is not a dismissal but a transfer. *Id*. The present case could theoretically be transferred to a federal court in Washington, D.C. on diversity grounds. Therefore, the doctrine of forum non conveniens is not available to Defendant.

>    **B.    The Doctrine of Forum Non Conveniens Does Not Apply Because Other Forums Will Not Provide Adequate Remedy.**

"The courts have generally recognized that an action may not be dismissed under the doctrine of forum non conveniens if another forum offering an adequate remedy is not available, such as where the defendant is not subject to suit in the allegedly more convenient forum, or where a new action is precluded by the statute of limitations, or where the remedy available in another forum appears to be inadequate or uncertain**."** A.L.R. Fed. 352. Alternative forums afford no such adequate remedy in the case at bar. For example, unless the Defendant waived his statute of limitations defense, Washington, D.C. would not provide an adequate remedy because a new action would be precluded by the statute of limitations. Therefore, invocation of the doctrine of forum non conveniens shall not apply.

**V.    Clara Davis Will Transfer Her Case to a Federal District Court Sitting in Diversity in Washington, D.C. if Defendant Stipulates to the Application of Nebraska's Statute of Limitations.**

Defendant argues in its brief that Washington D.C. is the more convenient forum. Ms. Davis is willing to transfer her case to a federal court in Washington, D.C. should Defendant stipulate to the application of Nebraska's statute of limitations. In the event the Defendant does not agree to such a stipulation, as mentioned above, the doctrine of forum non conveniens would not apply as no other forum provides an adequate remedy

(ie. Application of the Washington D.C. statute of limitations would bar Ms. Davis' claim).

## CONCLUSION

For the foregoing reasons, Ms. Davis respectfully requests that this Court overrule Defendant's Motion to Dismiss.

Date:  April 17, 2008

                Respectfully Submitted,

                CLARA J. DAVIS, Plaintiff

      By: _/s/ Jason G. Ausman_____
           Jason G. Ausman, # 22261
           AUSMAN LAW FIRM PC LLO
           7602 Pacific St., Suite 200
           Omaha, NE  68114
           (402) 391-2400 (telephone)
           (402) 391-0343 (facsimile)
           jason@ausmanlawfirm.com