IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CLARA J. DAVIS,                )
                               )
          Plaintiff,           )        8:07CV342
                               )
     v.                        )
                               )
KONE, INC., (d/b/a KONE OMAHA  )        MEMORANDUM AND ORDER
and KONE CORPORATION), and     )
JOHN DOE, CORP.,               )
                               )
          Defendants.          )
_____)
```

This matter is before the Court on plaintiff Clara J. Davis' motion to transfer venue (Filing No. 30) pursuant to 28 U.S.C. § 1404(a). Plaintiff seeks to transfer venue from this district to the United States District Court for the District of Columbia ("D.C. District Court") pursuant to 28 U.S.C. § 1404(a). Defendant Kone, Inc. ("Kone") opposes plaintiff's motion. Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds plaintiff's motion should be granted for the reasons stated below.

Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The burden of proof is on the moving party to demonstrate that the proper interests weigh in favor of the

transfer. *See In re United States of America*, 273 F.3d 380, 388 (3d Cir. 2001). When considering a motion to transfer under § 1404(a), courts are required to make "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

Here, the events giving rise to the cause of action occurred in Washington, D.C. ("D.C."). Much of the medical and other evidence is located in D.C., as is the elevator that is the subject of this litigation. All of the individuals that the plaintiff and defendant have identified as likely possessing discoverable information are located in the D.C. area, and transferring the action to the D.C. District would be more convenient for these witnesses. *See Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 876 (E.D. Mo. 2000) (citations omitted) (stating "[c]onvenience of the witnesses is a primary, if not the most important, factor in considering a motion under § 1404(a).") Also, transferring the action to D.C. would likely impose a lower financial burden on both parties in terms of travel costs for witnesses. While the lawsuit has been pending in this district for nearly a year, the lawsuit is still in the early stages of litigation and the parties have exchanged only their initial disclosures. In addition, while this Court is certainly capable of applying D.C. law, there is an arguable

advantage in having the D.C. District interpret and apply D.C. law.

Defendant opposes plaintiff's motion primarily on the basis that plaintiff chose the District of Nebraska, arguing that "[p]laintiff seeks to utilize the federal venue transfer statute . . . . despite the alleged inconveniences, in order to secure the benefit of an extended statute of limitations period." (Filing No. 32 at 1). It is true that plaintiff chose this Court as the forum for her lawsuit; however, § 1404(a) permits both plaintiffs and defendants to file a motion to transfer. As the United States Supreme Court noted in *Ferens v. John Deere Co.*, 494 U.S. 516, 529 (1990):

> Some might think that a plaintiff should pay the price for choosing an inconvenient forum . . . . But this assumes that § 1404(a) is for the benefit only of the moving party. By the statute's own terms, it is not. Section 1404(a) also exists for the benefit of the witnesses and the interest of justice, which must include the convenience of the court. Litigation in an inconvenient forum does not harm the plaintiff alone.

It seems that defendant agrees with plaintiff that the United States District Court for the District of Columbia would be the most convenient forum for this litigation as evidenced by defendant's brief in support of its motion to dismiss (Filing No. 19). In the brief defendant argued that the case should be

dismissed based on the doctrine of forum non conveniens and stated:

> Likely witnesses, such as elevator mechanics, building supervisors, treating physicians, and Plaintiff's friends and family, likely reside in the Washington, D.C. or Maryland area.  The cost and inconvenience of having potential witnesses travel more than 1,000 miles from Washington, D.C. to this Court would be substantial.  Further, the sources of proof in this case are primarily located in the Washington, D.C. area.  The potential witnesses referenced above, the subject elevator, the building in which the alleged incident occurred, medical records, maintenance records, and the like, are located in the Washington, D.C. area.

(Filing No. 19 at 4-5).

The Court finds that for the convenience of the parties and the witnesses and in the interest of justice, plaintiff's motion to transfer the action to the D.C. District Court should be granted.  Accordingly,

IT IS ORDERED that plaintiff's motion to transfer is granted; this action shall be transferred to the United States District Court for the District of Columbia.

DATED this 31st day of July, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court